UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATHAN FREEMAN and ASHTON FREEMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 3:20-cv-00505 ) |
| PADDACK HEAVY TRANSPORT, INC., PADDACK WRECKER SERVICE, INC., and GUY CANTWELL, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Nathan and Ashton Freeman filed a complaint in the Sumner County Circuit Court that has been removed to this Court on the basis of diversity jurisdiction. (Doc. No. 1.) Before the Court is a Motion for Partial Dismissal filed by Defendants Paddack Heavy Transport, Inc. and Paddack Wrecker Service, Inc. (collectively, "Paddack"). (Doc. No. 7.) Plaintiffs filed a Response (Doc. No. 14) and Paddack filed a Reply (Doc. No. 16). For the following reasons, the Motion for Partial Dismissal will be granted in part and denied in part.

**I. Background**

Plaintiffs allege that, on May 15, 2019, Nathan Freeman was operating a vehicle in which Ashton Freeman was a passenger. (Doc. No. 1-1 ¶ 9.) Plaintiffs stopped at a flashing red light on a highway in Sumner County. (Id. ¶ 12.) Guy Cantwell, driving a commercial truck owned by Paddack in the course and scope of his employment for Paddack, crashed into the rear of Plaintiffs' vehicle "suddenly and without warning." (Id. ¶¶ 10–12.) Plaintiffs suffered severe physical and painful injuries. (Id. ¶ 15.)

Plaintiffs filed suit against Cantwell and Paddack. (Id.) They assert that Cantwell was negligent and negligent per se (id. ¶¶ 18–21), and that Paddack is vicariously liable for Cantwell's negligence (Id. ¶ 24–25). Plaintiffs also assert that Paddack was directly negligent in failing to "properly hire, train, retain and supervise the activities of its drivers, including Cantwell." (Id. ¶¶ 22–23.) Paddack's Motion seeks dismissal of Plaintiffs' direct negligence claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 7, 8.) Paddack also requests attorneys' fees under Tenn. Code Ann. § 20-12-119. (Id.)

**II.     Legal Standard**

When a defendant files a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded factual allegations as true, and examine[s] whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Solo v. United Parcel Serv., 819 F.3d 788, 793 (6th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted).

"Where, as here, [the Court's] subject matter jurisdiction is based on diversity of citizenship, [the Court] appl[ies] the substantive law of the forum state." Fox v. Amazon.com, Inc., 930 F.3d 415, 422 (6th Cir. 2019) (citing Berrington v. Wal-Mart Stores, Inc., 696 F.3d 604, 607 (6th Cir. 2012)). In doing so, the Court is "bound by controlling decisions" of the "state's highest court," "and in the absence of decisions addressing the issue, must predict how that court would rule by looking to 'all available data.'" Id. (quoting Berrington, 696 F.3d at 607).

2

Case 3:20-cv-00505   Document 26   Filed 12/16/20   Page 2 of 7 PageID #: 116

**III. Analysis**

    **A. Plaintiffs' Direct Negligence Claims Against Paddack**

Paddock argues that the direct negligence claims against it should be dismissed based on the "preemption rule"—a doctrine generally providing that "a plaintiff may not proceed against an employer on direct negligence claims once the employer has admitted vicarious liability for the actions of its agent." (Doc. No. 8 at 3–4 (collecting cases)). The basic rationale for the preemption rule is that, "where vicarious liability [is] admitted and none of the direct liability theories could prevail in the absence of proof of the employee's negligence, the employer's liability [is] necessarily fixed by the negligence of the employee. Thus, any additional evidence supporting direct liability claims could serve only to waste time and possibly prejudice the defendants." Wilson v. Image Flooring, LLC, 400 S.W.3d 386, 393 (Mo. App. W.D. 2013) (citing McHaffie v. Bunch, 891 S.W.2d 822, 826 (Mo. 1995)).

Several jurisdictions have adopted this rule, some providing an exception for plaintiffs seeking punitive damages from employers. See Kelley v. Blue Line Carriers, LLC, 300 Ga. App. 577, 580 (Ga. Ct. App. 2009) (citing Durben v. Am. Materials, Inc., 232 Ga. App. 750, 751 (Ga. Ct. App. 1998)) (applying rule with exception for plaintiffs with "a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee or entrusting a vehicle to such employee"); Justice v. Greyhound Lines, Inc., No. 5:16-CV-132-FL, 2019 WL 267910, at *2 (E.D.N.C. Jan. 18, 2019) (collecting cases) ("The only recognized context under North Carolina law where a stipulation to vicarious liability would not preclude theories of direct liability against an employer is where a claim for punitive damages is presented."); Bell v. Redjal, 569 S.W.3d 70, 81 (Mo. App. E.D. 2019) (citations omitted) ("[T]his rule is subject to an exception when the plaintiff brings a claim for punitive damages against the

3

employer."); but see Ferrer v. Okbamicael, 390 P.3d 836, 848 (Colo. 2017) ("We reject any exception to the rule where the plaintiff asserts exemplary damages against the employer.").

Other jurisdictions, however, have declined to adopt the preemption rule altogether. See MV Transp., Inc. v. Allgeier, 433 S.W.3d 324, 337 (Ky. 2014) ("[A] plaintiff may assert and pursue in the same action a claim against an employer based under respondeat superior upon the agent's negligence, and a separate claim based upon the employer's own direct negligence in hiring, retention, supervision, or training."); James v. Kelly Trucking Co., 377 S.C. 628, 634 (2008) ("South Carolina law does not prohibit a plaintiff from pursuing a negligent hiring, training, supervision, or entrustment claim once respondeat superior liability has been admitted.").

As relevant here, Tennessee state courts "have not yet addressed" whether to adopt the preemption rule. See Jones v. Windham, No. W2015-00973-COA-R10-CV, 2016 WL 943722 (Tenn. Ct. App. Mar. 11, 2016), vacated Aug. 19, 2016.[1] This Court, therefore, must apply the law as it predicts the Tennessee Supreme Court would. See Fox, 930 F.3d at 422.

Facing a similar circumstance in 2015, the Eastern District of Tennessee predicted that that the Tennessee Supreme Court would adopt the preemption rule. Ryans v. Koch Foods, LLC, No. 1:13-cv-234-SKL, 2015 WL 12942221, at *9 (E.D. Tenn. July 8, 2015). While Plaintiffs are correct that this case is not binding on the Court (see Doc. No. 14 at 4–5), the Court may consider

---

[1] The parties thoroughly discuss Jones. (Doc. No. 8 at 7–9; Doc. No. 14 at 5–7; Doc. No. 16 at 4–5.) In Jones, the Tennessee Court of Appeals rejected the preemption rule, stating that it "is not in accord with [Tennessee's] system of comparative fault and thereby inconsistent with existing Tennessee jurisprudence." 2016 WL 943722, at *5. However, the Tennessee Supreme Court summarily vacated the judgment of the Court of Appeals on procedural grounds, without discussing the preemption rule. See Jones v. Windham, No. W2015-00973-SC-R11-CV, 2016 Tenn. LEXIS 538, at *1 (Tenn. Aug. 19, 2016). The Supreme Court's order, therefore, returned Tennessee to the state of affairs before the Court of Appeals' opinion; that is, from a legal standpoint, the preemption rule still has not been addressed by the state courts. See Barkovic v. Att'y Grievance Comm'n, 289 F.Supp.3d 833, 844 (E.D. Mich. 2017) (quoting Durning v. Citibank, N.A., 950 F.2d 1419, 1424 n.2 (9th Cir. 1991)) ("[A] decision that has been *vacated* has no precedential authority whatsoever.").

4

it for its persuasive authority. See H.R. ex rel. Reuter v. Medtronic, Inc., 996 F. Supp. 2d 671, 678 n.5 (S.D. Ohio 2014) (citations omitted) ("[T]he Opinions of other district courts are persuasive but not binding authority on this Court.").

With Plaintiffs failing to identify any Tennessee case law supporting the position that Tennessee would reject the preemption rule—outside of the vacated Jones—the Court is persuaded by the reasoning in Ryans. There, the Eastern District noted the Tennessee Supreme Court case of Ali v. Fisher, 145 S.W.3d 557 (Tenn. 2004), in which the Supreme Court stated that "Tennessee courts 'have only rarely departed from the allocation of fault required under the system of comparative fault.'" Ryans, 2015 WL 12942221, at *9 (quoting Ali, 145 S.W.3d at 564). However, the Supreme Court listed certain exceptions to this system, "including 'where vicarious liability is based on an agency relationship between a principal and the principal's negligent agent, such as the family purpose doctrine or respondeat superior.'" Id. (quoting Ali, 145 S.W.3d at 564). The Court agrees with the Eastern District, that "Tennessee's recognition that the doctrine of respondeat superior requires exceptions to the general rule of allocation of fault under the comparative fault system weighs in favor of the [preemption] rule." Id.; see Diaz v. Carcamo, 253 P.3d 535, 544 (Cal. 2011) (noting that states where the preemption rule coexists with comparative fault systems include California, Missouri, Georgia, Illinois, and Texas); see also Bogdanski v. Budzik, 408 P.3d 1156, 1161 (Wyo. 2018) (adopting the preemption rule and finding it "consistent with [Wyoming's] comparative fault scheme").

Before applying the preemption rule here, however, the Court must address a final issue—whether Paddack adequately admitted vicarious liability regarding Cantwell. Plaintiffs argue that Paddack's counsel's representations in the connection with the Motion for Partial Dismissal are insufficient to do so. (Doc. No. 14 at 1–2 n.1, 3.) But as Paddack notes, it shares counsel with

5

Cantwell. (Doc. No. 16 at 1–2.) And prior to filing the Motion for Partial Dismissal, counsel filed Cantwell's Answer containing the admission, "based upon information and belief, . . . that Paddack Wrecker Service, Inc. would be vicariously liable for any fault assigned to [Cantwell] under the theory of respondeat superior." (Doc. No. 6 ¶ 24.) Based on counsel's representations in Cantwell's Answer and Paddack's Motion for Partial Dismissal, the Court accepts Paddack's admission of vicarious liability and will hold Paddack to this admission as appropriate.

Plaintiffs do not seek punitive or exemplary damages from Paddack, so the potential exception to the preemption rule for plaintiffs seeking punitive damages from employers is not an issue here. Accordingly, because Paddack has admitted vicarious liability for any negligence attributed to Cantwell, Plaintiffs' direct negligence claims against Paddack will be dismissed.

**B.     Attorneys' Fees**

Paddack requests its reasonable litigation costs incurred in pursuing the Motion for Partial Dismissal under Tenn. Code Ann. § 20-12-119. (Doc. No. 8 at 12–13.) This statute provides that, "where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award" the prevailing party certain "costs and reasonable and necessary attorney's fees incurred in the proceedings." Id. § 20-12-119(c)(1). By its own terms, however, this Section does not apply here, as Paddack's Motion for Partial Dismissal is being granted pursuant to Rule 12 of the Federal Rules of Civil Procedure, not the Tennessee Rules of Civil Procedure. Moreover, this Section "is procedural"—not substantive—so it "does not apply in federal court." Williams v. Shelby Cnty. Sch. Sys., No. 2:17-cv-02284-TLP-cgc, 2019 WL 490354, at *7 (W.D. Tenn. Feb. 7, 2019) (citing J-Line Pump Co. v. Chand, No. 13-2842, 2014 WL 12626361, at *1–2 (W.D. Tenn. Sept. 19, 2014)). Accordingly, Paddack's request for attorneys' fees will be denied.

**III.     Conclusion**

For these reasons, Plaintiffs' direct negligence claims against Paddack will be dismissed based on the preemption rule, but Paddack's request for attorneys' fees will be denied.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE